# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DERRICK BAILEY (#363958)**                        **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                           **NO. 14-271-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 6, 2015.

                                  **RICHARD L. BOURGEOIS, JR.**
                                  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DERRICK BAILEY (#363958)**                                  **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                    **NO. 14-271-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the cross-motions for summary judgment of the plaintiff and defendants N. Burl Cain and John Sanders (R. Docs. 23, 29 and 30).[1]

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against prison officials employed at LSP, complaining that his constitutional rights were violated on November 8, 2011, when the defendants failed to protect him from harm at the hands of a co-inmate on that date. The defendants who remain in this proceeding are Warden N. Burl Cain, Major John Sanders, Sgt. Randall Stead and Cadet Kevin Curley.[2]

---

1. The Motion for Summary Judgment filed on December 1, 2014 (R. Doc. 23) was filed on behalf of defendant N. Burl Cain and also on behalf of then-named defendants Trent Barton, Robert Butler, Trish Foster, James LeBlanc, Chad Menzina, James Morris, Shelton Scales and Jimmy Smith. Pursuant to amendment to the plaintiff's Complaint, however, *see* R. Docs. 18 and 21, the latter defendants have been voluntarily dismissed as parties to this proceeding. Accordingly, the Court will disregard the participation of these persons in the instant motions for summary judgment.

2. An initial attempt by the United States Marshal's Office to serve defendants Kevin Curley and Randall Stead at the offices of the Louisiana Department of Public Safety and Corrections proved unsuccessful because these defendants were "no longer employed" by the Department. *See* R. Doc. 15. The Court thereafter entered an Order directing the defendants to file the last known addresses of these defendants under seal so that another attempt at service could be undertaken. *See* R. Doc. 25. Whereas defendant Stead has since been served with process, *see* R. Doc. 32, he has not made an appearance in this proceeding. As for defendant

The plaintiff moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and a sworn Declaration provided under penalty of perjury as authorized by 28 U.S.C. § 1746.

The defendants move for summary judgment relying upon the pleadings, Statements of Undisputed Facts, a certified copy of the plaintiff's pertinent Administrative Remedy proceedings, and the affidavit of Rhonda Z. Weldon.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and

---

Curley, service cannot be completed as to this defendant because the address provided under seal for defendant Curley "does not exist." *See* R. Doc. 31. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action, in the absence of a showing of good cause, is justification for dismissal of that defendant from the proceeding. It is appropriate, therefore, considering that service cannot be effected as to defendant Curley and considering that no additional information has been provided or is available for this defendant, that the plaintiff's claims asserted against defendant Curley be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon this defendant.

unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, as amended, the plaintiff alleges that on November 8, 2011, he was housed in a cell at Camp J at LSP, and defendant Kevin Curley was a cadet trainee on the plaintiff's cell tier. According to the plaintiff, defendant Curley was under the direct supervision of defendant Randall Stead, and the plaintiff alleges that shortly after midnight on the referenced date, defendant Stead improperly allowed Cadet Curley to operate the cell doors on the tier without adequate supervision. As a result, when a co-inmate returned from a shower to his assigned cell, defendant Curley inadvertently opened the plaintiff's cell door instead of the cell door assigned to the co-inmate. The co-inmate then entered the plaintiff's cell and attacked the plaintiff, causing serious injury. The plaintiff alleges that it was not until fifteen (15) minutes later that Cadet Curley realized that a fight was in progress, whereupon he summoned security officers who took action to break up the fight. According to the plaintiff, this was not the first time that Cadet Curley had inadvertently opened the door to an incorrect cell, and the plaintiff

asserts that he had specifically warned defendant Curley, prior to this incident, to be careful and to not rely on statements by co-inmates as to the cells to which they were assigned. The plaintiff further alleges that (1) defendant Stead, the tier sergeant, (2) defendant Sanders, the shift major, and (3) defendant Cain, the head warden at LSP, are all responsible for his resulting injuries because these defendants failed to ensure that the cadet trainee was properly trained and supervised.

In response to the plaintiff's allegations, the defendants contend that the claim asserted in this proceeding is time-barred. Specifically, the defendants assert that more than one year of un-tolled time elapsed after the referenced incident before the plaintiff filed his Complaint herein. As discussed hereafter, the Court finds that the defendants' contentions in this regard should be rejected.

Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492. Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citations and internal quotation marks omitted). A plaintiff need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. *Id.* Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the elements of that defense. *See Savoy v. St. Landry Parish Council*, 2009 WL 4571851, *3 (W.D. La. Dec. 1, 2009). However, when the face of the plaintiff's Complaint reflects that more than a

year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. *Id.*

In the instant case, the incident complained of by the plaintiff occurred on November 8, 2011, on which date he sustained injury and was possessed of sufficient information to place him on notice of the existence of his cause of action. Accordingly, the plaintiff's claim accrued on that date, and he had one year within which to file a Complaint in this Court. Ordinarily, therefore, any claim that the plaintiff may have had against the defendants arising out of the incident complained of would be seen to have prescribed no later than November 8, 2012, the one-year anniversary of the incident. Further, inasmuch as the plaintiff did not file his federal Complaint until, at the earliest, April 21, 2014, the date that he apparently signed it, it appears from the face of the Complaint that his claim is time-barred. Accordingly, the burden of proof shifts to the plaintiff to show that the limitations period in this case was interrupted or tolled during the one-year period.

In seeking to avoid the effect of the one-year limitations period, the plaintiff contends that he filed an administrative grievance with prison officials relative to the claims asserted herein and that, in computing the applicable limitations period, this Court is obligated to take into account the time during which the administrative proceedings were pending within the prison system. *See Harris v. Hegmann*, 198 F.3d 153, 158-59 (5th Cir. 1999) (finding that the pendency of a properly-filed administrative grievance will act to toll or suspend the running of the one-year limitations period for a prisoner's claim). The plaintiff further asserts that the Court should utilize the date that he signed his federal Complaint and submitted it to prison officials for forwarding to the Court as the date of filing of the Complaint herein, not the date that the Complaint was ultimately docketed by the Court. The plaintiff contends that, employing this

"prison mailbox rule,"[3] his Complaint before this Court was timely-filed.

Initially, the plaintiff is correct that, in calculating the applicable limitations period, the Court is required to take into account the time during which the plaintiff's administrative remedy proceedings were pending within the prison system. *See Harris v. Hegmann*, *supra*. The filing of an administrative grievance, however, only tolls or suspends, and does not interrupt, the running of the prescriptive period. *See* La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] ... grievance and shall continue to be suspended until the final agency decision is delivered"). Thus, this Court is required to count against the plaintiff the passage of days that elapsed both before the filing of the pertinent administrative grievance and after the conclusion of the administrative proceedings. *See Adams v. Stalder*, 934 So.2d 722, 725-26 (La. App. 1st Cir. 2006) (explaining that with a suspension of the limitations period, in contrast to an interruption, "the period of suspension is not counted toward the accrual of prescription but the time that has previously run is counted.... In other words, ... the clock merely stops running during the suspension, and thereafter the obligee has only so much of the one year as was remaining when the suspension began").

Applying the foregoing relative to the events of November 8, 2011, the Court has concluded that the plaintiff's claim accrued and the one-year limitations period commenced to run on that date. In addition, the record reflects that the plaintiff submitted a request for

---

3. Pursuant to the prison mailbox rule, an inmate's *pro se* federal Complaint is deemed to have been filed on the date the inmate presents it to prison officials or places it in the prison mailing system for transmission to the Court, not on the date that it is ultimately received or docketed by the receiving Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 2008 WL 553186, *3 (E.D. La. Feb. 28, 2008). Thus, although the plaintiff's Complaint was received and docketed by this Court on May 9, 2014, he seeks the benefit of the mailbox rule and asserts that he signed the Complaint on April 21, 2014, and submitted the pleading to prison officials for mailing to the Court on that date.

administrative remedy to prison officials shortly thereafter. The first question for the Court to consider is the date upon which that administrative grievance tolled the limitations period. In this regard, it appears that the plaintiff's grievance is hand-dated November 10, 2011 (two days after the incident), and also that there are two (2) date-stamps on the certified copy of the grievance contained in the plaintiff's administrative record, one reflecting receipt of the grievance in the LSP Warden's Office on November 14, 2011, and one reflecting receipt in the LSP Legal Programs Department on November 15, 2011. *See* R. Doc. 20-1 at p. 6. The defendants have utilized the latest possible date, November 15, 2011, in making their calculations relative to the running of the limitations period. Considering, however, that the official Louisiana Prison Administrative Remedy Procedure states that a prisoner commences the administrative process merely by "completing a request for administrative remedy" or "writing a letter to the warden," and inasmuch as the deadline for responding to an inmate's grievance begins on the date the grievance is "received" by the warden's office, *see* La. Admin. Code Tit. 22, Pt. I, §§ 325(G)(1)(a)(I) and 325(J)(1)(a)(ii), it appears more appropriate to utilize either November 10, 2011 (when the plaintiff apparently completed or wrote and signed the grievance), or November 14, 2011 (when it was stamped as received in the LSP warden's office). As a result, if the Court were to utilize November 10, 2011, in making its calculations, it would appear that only two (2) days elapsed from the one-year limitations period between the occurrence of the incident complained of and the plaintiff's submission of his administrative grievance. In contrast, if the Court were to utilize November 14, 2011, then six (6) days may be seen to have elapsed. The determination of the correct date is not critical, however, because under either scenario, the plaintiff's Complaint is timely-filed.

Turning to the next part of the calculation, it appears from a review of the administrative

record that the plaintiff's administrative proceedings remained pending and thereby suspended the running of the limitations period until those proceedings were concluded by the plaintiff's receipt of the final agency response on April 30, 2013.  *See* R. Doc. 20-1 at p. 21.  *See also* La. R.S. 15:1172(E) (providing that the limitations period is "suspended until the final agency decision is *delivered*" (emphasis added)); *Harris v. Hegmann, supra*, 198 F.3d at 160 (noting that the pertinent date is the date an inmate "receive[s] final notice that his administrative complaint was dismissed").  Accordingly, the applicable limitations period began to run again on that date and, depending upon which of the two potential dates the Court utilizes for the commencement of the plaintiff's administrative proceedings, he then had either three hundred and sixty-three (363) days remaining in the one-year limitations period – resulting in a limitations deadline of April 28, 2014 – or three hundred and fifty-nine (359) days remaining – resulting in a deadline of April 24, 2014.

Finally, the Court looks to the period of time that elapsed between the conclusion of the plaintiff's administrative remedy proceedings and the commencement of his proceedings before this Court.  In contending that the plaintiff's claim is time-barred, the defendants have utilized the date that the plaintiff's Complaint was received and docketed by this Court, *i.e.*, May 9, 2014, as the pertinent date.  If the defendants are correct that that date is the effective date of filing of the plaintiff's federal Complaint, then the defendants are correct that the plaintiff's claims are untimely.  The plaintiff, however, attests that he signed and dated his Complaint on April 21, 2014, and submitted the Complaint to prison officials for transmission to the Court on that date.  The plaintiff further asserts that, because of the applicability of the prison mailbox rule, the earlier date is the effective date of filing, thereby rendering his Complaint timely-filed for purposes of the limitations period.

The Court finds the plaintiff's argument to be persuasive. The courts of this Circuit have long concluded that the prison mailbox rule applies to the filing of pleadings submitted to courts by Louisiana *pro se* inmates. Pursuant to that rule, an inmate's pleadings are considered to be filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 2008 WL 553186, *3 (E.D. La. Feb. 28, 2008). The inherent basis for the rule is a recognition that, "[u]nskilled in law, unaided by counsel, and unable to leave the prison, [a prisoner's] control over the processing of his [pleadings] necessarily ceases as soon as he hands it over to the only public officials to whom he has access – the prison authorities." *Cooper v. Brookshire, supra*, 70 F.3d at 379, *quoting Houston v. Lack*, 487 U.S. 266, 271-72 (1988). The *Cooper* court also recognized that application of the rule allows courts to sidestep such potentially difficult issues as the possible motivation of prison officials to delay or obstruct the filing of inmates' complaints, and "pretermits time-consuming examinations of the circumstances behind any delay." *Id.* Thus, in the absence of evidence to the contrary, courts have generally presumed that the date that an inmate has signed and dated his Complaint is the date that he has given it to prison officials for mailing to the courts. *See Toomer v. Cain*, 2010 WL 4723365, n. 3 (E.D. La. July 30, 2010) (finding that, "[g]enerally, a court will look to the date a prisoner signed his pleading"). In the instant case, although the plaintiff's Complaint was received and docketed by this Court on May 9, 2014, it appears to have been signed and dated by him on April 21, 2014. The plaintiff has also provided a sworn declaration, submitted under penalty of perjury, attesting that he placed his Complaint into the prison mailing system on the same date. The Court has not been provided with any reason to doubt the plaintiff's sworn assertion in this regard, and the

defendants have not provided the Court with copies of legal mail logs, indigent mailing requests, or other documentation that might indicate otherwise. Although there is a gap of almost three (3) weeks between the date the plaintiff purportedly signed his Complaint and the date that it was stamped as received in the LSP Legal Programs Department and transmitted to the Court, the Court does not find this delay to be unusual or determinative in the prison context. *See, e.g., Hardy v. Gonzalez*, 551 Fed. Appx. 253, 254 (5th Cir. 2014) (opining that the correct filing date of the plaintiff's complaint in that case would be found to be November 1, 2012, the date he certified that he submitted it to prison officials for mailing, not November 26, 2012, almost a month later, when it was docketed by the receiving Court). Accordingly, the Court finds that April 21, 2014, is the applicable filing date of the plaintiff's federal Complaint herein, and inasmuch as that date is within the one-year limitations period, irrespective of which date is utilized in determining the commencement of the plaintiff's administrative proceedings, the plaintiff's Complaint should be found to be timely.

## RECOMMENDATION

It is recommended that the plaintiff's claim asserted against defendant Kevin Curley be dismissed for failure of the plaintiff to serve this defendant within 120 days as mandated by Fed. R. Civ. P. 4(m). It is further recommended that the plaintiff's motion for summary judgment (R. Doc. 30) be granted, determining that his Complaint is timely-filed in this Court, that the motions for summary judgment of defendants Burl Cain and John Sanders (R. Docs. 23 and 29) be denied, and that this action be referred back for further proceedings.

Signed in Baton Rouge, Louisiana, on July 6, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**