UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DERRICK BAILEY (#363958)**                                                **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                                **NO. 14-0271-SDD-RLB**

**O R D E R**

Before the Court is the Motion for Reconsideration of defendants N. Burl Cain and John Sanders (R. Doc. 35). This motion is opposed.

On July 6, 2015, a Magistrate Judge's Report was entered herein (R. Doc. 33), recommending that the plaintiff's claim asserted against defendant Kevin Curley be dismissed for failure of the plaintiff to serve the defendant within 120 days as provided by Fed. R. Civ. P. 4(m), that the motions for summary judgment of defendants Burl Cain and John Sanders (R. Docs. 23 and 29) be denied, and that the plaintiff's motion for summary judgment (R. Doc. 30) be granted, determining that the plaintiff's Complaint is timely-filed in this case. The plaintiff filed a timely Objection to the Magistrate Judge's Report (R. Doc. 34), asserting that defendant Kevin Curley should not be dismissed because of non-service, and defendants Cain and Sanders have filed the instant Motion for Reconsideration. In support of the instant motion, the defendants present new evidence that they contend supports a finding that the plaintiff submitted his Complaint to prison officials for transmission to the Court on May 9, 2014, not on April 21, 2014, and that his Complaint is therefore time-barred.[1]

---

1. The proposed new evidence consists of an affidavit executed by Ms. Connie McCann, Administrative Assistant in the Legal Programs Department at the Louisiana State Penitentiary ("LSP"), and certified copies of pages from the LSP Federal Scanning Logbook for the dates

Initially, the Court notes that the Federal Rules of Civil Procedure do not recognize a so-called "motion for reconsideration" in those words. *See Cressionnie v. Hample,* 184 Fed. Appx. 366, 369 (5th Cir. 2006)*, citing Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). Accordingly, motions so denominated are generally considered to be motions for a new trial or for relief from a judgment under Fed. R. Civ. P. 59 or 60, or motions challenging a prior non-final ruling that adjudicated fewer than all of the claims or parties under Fed. R. Civ. P. 54(b). *See id. See also Dos Santos v. Bell Helicopter Textron, Inc. District*, 651 F. Supp. 2d 550, 553 (N. D. Tex. 2009). In the instant case, however, no final order or ruling has been entered by the Court for the Court to reconsider. Accordingly, the defendants' instant motion does not fit within the parameters of the aforementioned Rules and is more appropriately considered to be a motion for leave to supplement the defendants' pending Motions for Summary Judgment (R. Docs. 23 and 29) – that have not yet been ruled upon – or in the alternative, as an Objection to the pending Magistrate Judge's Report with a corresponding request that the court "receive further evidence" under 28 U.S.C. § 636(b)(1).[2] Interpreting the instant motion in this manner, and upon a determination that a consideration of the defendants' new evidence is warranted, the Court will grant the defendants' motion. Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration of defendants N. Burl Cain and John Sanders (R. Doc. 35), interpreted to be a motion for leave to supplement the defendants' pending Motions for Summary Judgment or as an Objection to the pending Magistrate Judge's

---

April 21 and May 9, 2014.

2. The defendants rely upon Fed. R. Civ. P. 60(b)(6) in the instant motion, but this reliance is clearly misplaced. "[B]y its own terms, Rule 60(b) is limited to relief from a 'final' judgment or order." *McKay v. Novartis Pharmaceutical Corp.*, 751 F.3d 694, 701 (5th Cir. 2014), *quoting Zimzores v. Veterans Administration*, 778 F.2d 264, 266 (5th Cir. 1985).

Report, be and it is hereby **GRANTED**, and the defendants' pending Motions for Summary Judgment (R. Docs. 23 and 29) are hereby supplemented with the new evidence offered in support thereof.

Signed in Baton Rouge, Louisiana, on August 27, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**