UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DERRICK BAILEY (#363958)                                    CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                       NO. 14-0271-SDD-RLB


## NOTICE

Please take notice that the attached Supplemental Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 27, 2015.


                                                _____
                                                RICHARD L. BOURGEOIS, JR.
                                                UNITED STATES MAGISTRATE JUDGE

DERRICK BAILEY (#363958)                                         CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                           NO. 14-0271-SDD-RLB

**SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to a Magistrate Judge's Report dated July 6, 2015 (R. Doc. 33), the undersigned recommended (1) that the plaintiff's claim asserted against defendant Kevin Curley be dismissed for failure of the plaintiff to serve this defendant within 120 days as provided by Rule 4(m) of the Federal Rules of Civil Procedure, (2) that the motions for summary judgment of defendants Burl Cain and John Sanders (R. Docs. 23 and 29) be denied, and (3) that the plaintiff's motion for summary judgment (R. Doc. 30) be granted, determining that his Complaint is timely-filed in this case. In response to the Magistrate Judge's Report, defendants Cain and Sanders filed a Motion for Reconsideration, seeking leave of Court to present new evidence in support of their assertion that the plaintiff submitted his Complaint to prison officials for transmission to the Court on May 9, 2014, not on April 21, 2014, and that his Complaint is therefore time-barred.[1] Pursuant to Order entered this date, the Court has granted the defendants' Motion for Reconsideration and, after a review of the new evidence submitted in support of the defendants' motions for summary judgment, the Court believes that a supplemental Magistrate Judge's

--------

1. The proposed new evidence consists of an affidavit executed by Ms. Connie McCann, Administrative Assistant in the Legal Programs Department at the Louisiana State Penitentiary ("LSP"), and certified copies of pages from the LSP Federal Scanning Logbook for the dates April 21 and May 9, 2014.

Report is warranted.[2]

In recommending that the plaintiff's Complaint be found to be timely-filed in this case,

the Court relied upon the "Prison Mailbox Rule," pursuant to which an inmate's *pro se* federal

Complaint is deemed to be filed on the date that he presents it to prison officials or places it in

the prison mailing system for transmission to the Court, not on the date that it is ultimately

received or docketed by the receiving Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th

Cir. 1995); *Vicks v. Griffin*, 2008 WL 553186, *3 (E.D. La. Feb. 28, 2008). Thus, although the

plaintiff's Complaint was received and docketed by this Court on May 9, 2014, outside the

applicable one-year limitations period, the Court accepted the plaintiff's sworn assertion – in the

absence of evidence to the contrary – that he submitted his Complaint to prison officials for

transmission to the Court on the same date that he apparently signed it, April 21, 2014, which

---

2. Whereas the plaintiff filed an Objection to the original Magistrate Judge's Report, arguing that defendant Kevin Curley should not be dismissed because of non-service, *see* R. Doc. 34), the plaintiff's Objection does not alter the Court's original conclusion. When service upon this defendant was initially unsuccessful, because the defendant was no longer employed by the Louisiana Department of Corrections, *see* R. Doc. 15, the Court entered an Order (R. Doc. 25) directing the defendants to file the last known address of the defendant under seal so that another attempt at service could be undertaken. Upon the filing of the last known address (R. Doc. 26), a subsequent attempt at service was undertaken but was again unsuccessful, this time because, as stated in the Marshal's Return of Service (R. Doc. 31), the address provided under seal does not exist. Although the plaintiff now contends, in his Objection to the Magistrate Judge's Recommendation, that the Department of Corrections "knows ... the address and the location of Kevin Curley ... [and] is concealing the identity, whereabouts, and address" of the defendant, *see* R. Doc. 34 at p. 2, there is no factual support for this conclusory assertion. Further, the record reflects that, for a period of almost three (3) months after the filing of the Marshal's Return of Service on April 17, 2015, the plaintiff failed to take any action to obtain or provide additional information regarding the location of defendant Curley. Such failure does not support a finding of good cause that justifies the plaintiff's failure to timely serve this defendant. It is appropriate, therefore, that the plaintiff's claims asserted against defendant Kevin Curley be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon him.

made the Complaint timely-filed.[3]  The defendants now present newly obtained evidence,

however, in the form of an affidavit by LSP Legal Programs Administrator Ms. Connie McCann

and certified copies of excerpts from the LSP Federal Scanning Logbook, that reflects that the

LSP Legal Programs Department did not receive the plaintiff's Complaint until May 9, 2014.

Ms. McCann further attests that, in the usual course of business, inmate mail is collected daily

from the prison mailboxes and is delivered on the same date to the Legal Programs Department

as a matter of course, leading to the conclusion that the plaintiff did not place his Complaint into

the prison mailbox for filing until the later date.  The defendants contend that this new evidence

supports a finding that the plaintiff in fact placed his Complaint into the prison mailing system

on May 9, 2014, not on April 21, 2014, as the plaintiff attests.

In the Court's initial Magistrate Judge's Report (R. Doc. 33), the Court provided the

following rationale for its recommendation that, through the operation of the "prison mailbox

rule," the plaintiff's Complaint should be deemed to have been timely filed on April 21, 2014:

> The inherent basis for the [mailbox] rule is a recognition that, "[u]nskilled in law,
> unaided by counsel, and unable to leave the prison, [a prisoner's] control over the
> processing of his [pleadings] necessarily ceases as soon as he hands it over to the only
> public officials to whom he has access – the prison authorities." *Cooper v. Brookshire,
> supra*, 70 F.3d at 379, *quoting Houston v. Lack*, 487 U.S. 266, 271-72 (1988).  The
> *Cooper* court also recognized that application of the rule allows courts to sidestep such
> potentially difficult issues as the possible motivation of prison officials to delay or
> obstruct the filing of inmates' complaints, and "pretermits time-consuming examinations
> of the circumstances behind any delay." *Id.*  Thus, in the absence of evidence to the
> contrary, courts have generally presumed that the date that an inmate has signed and
> dated his Complaint is the date that he has given it to prison officials for mailing to the

---

3. The parties do not apparently dispute the Court's conclusion, outlined in the initial
Magistrate Judge's Report, that the one-year limitations period elapsed on either April 24 or
April 28, 2014 *see* R. Doc. 33 at p. 9, and that, therefore, the plaintiff's Complaint would be
found to be timely-filed if he submitted it to prison officials for filing on April 21, 2014 (as
contended by the plaintiff), and untimely-filed if he submitted it to prison officials on May 9,
2014 (as contended by the defendants).  Accordingly, the Court will not re-visit, in this
Supplemental Report, its prior determination in this regard.

courts. *See Toomer v. Cain*, 2010 WL 4723365, n. 3 (E.D. La. July 30, 2010) (finding that, "[g]enerally, a court will look to the date a prisoner signed his pleading"). In the instant case, although the plaintiff's Complaint was received and docketed by this Court on May 9, 2014, it appears to have been signed and dated by him on April 21, 2014. The plaintiff has also provided a sworn declaration, submitted under penalty of perjury, attesting that he placed his Complaint into the prison mailing system on the same date. The Court has not been provided with any reason to doubt the plaintiff's sworn assertion in this regard, and the defendants have not provided the Court with copies of legal mail logs, indigent mailing requests, or other documentation that might indicate otherwise. Although there is a gap of almost three (3) weeks between the date the plaintiff purportedly signed his Complaint and the date that it was stamped as received in the LSP Legal Programs Department and transmitted to the Court, the Court does not find this delay to be unusual or determinative in the prison context. *See, e.g., Hardy v. Gonzalez*, 551 Fed. Appx. 253, 254 (5th Cir. 2014) (opining that the correct filing date of the plaintiff's complaint in that case would be found to be November 1, 2012, the date he certified that he submitted it to prison officials for mailing, not November 26, 2012, almost a month later, when it was docketed by the receiving Court). Accordingly, the Court finds that April 21, 2014, is the applicable filing date of the plaintiff's federal Complaint herein, and inasmuch as that date is within the one-year limitations period, ... the plaintiff's Complaint should be found to be timely.

See R. Doc. 33 at pp. 10-11. The question now before the Court is whether the new documentation provided by the defendants, in the form of excerpts from the prison's legal mail logs and the affidavit of Ms. McCann, provides a "reason to doubt the plaintiff's sworn assertion" and overcomes the presumption that often attaches to the apparent date of signing of an inmate's Complaint.

Ultimately, the Court concludes that the evidence now offered by the defendants is sufficient to alter the Court's initial conclusion that the operable date of filing in this case should be found to be April 21, 2014. Specifically, the mail logs that are maintained by the prison Legal Programs Department reflect that no mail was received from the plaintiff for mailing to the Court on that date and that, instead, the plaintiff's Complaint was in fact received in the Legal Programs Department on May 9, 2014, after the passage of the limitations period. *See* R. Docs. 35-3 and 35-4. As discussed hereafter, these mail logs amount to persuasive evidence that, to a relative certainty, the plaintiff submitted his federal Complaint to prison officials for filing on the

later date.  In the first place, there is no discernable reason to doubt the accuracy of the

referenced mail logs, and the plaintiff has not provided the Court with any such reason.  Further,

the mail logs are corroborated by the date-stamp on the front of the plaintiff's Complaint, which

reflects the receipt thereof by the Legal Programs Department on May 9, 2014.  *See* R. Doc. 1.

Third, the apparent three-week delay between the plaintiff's purported date of submission and

the date the Complaint was finally received by the Court, while not conclusive, calls into

question the plaintiff's assertion when considered with the other evidence.  *See Gray v. Dretke,*

2005 WL 1133860, \*3 (N.D. Tex. May 10, 2005), *Magistrate's Recommendation adopted*, 2005

WL 1630030 (N. D. Tex. July 7, 2005) (noting that a 3-week delay in that case "strongly

suggests that petitioner did not deliver his writ to prison officials until sometime after").  Finally,

the mail logs are corroborated by the affidavit of Ms. McCann, who attests that at all times

pertinent hereto, inmate mailboxes were checked daily, and the mail was brought daily to the

Legal Programs Department "with the morning mail" and electronically transmitted to the Court

on the same date.  *See* R. Doc. 35-2.  In the Court's view, this evidence, when taken together, is

sufficient to meet the defendants' burden of proof and establish that the plaintiff's Complaint

was submitted to prison officials for mailing, not on April 21, 2014, but on May 9, 2014, and is

therefore time-barred.

One of the principle reasons given by the Supreme Court for establishing the prison

mailbox rule – in addition to the noted difficulties faced by inmates once they  relinquish control

of their pleadings to prison officials – is a recognition that prisons authorities have generally

established "well-developed procedures for recording the date and time at which they receive

papers for mailing and ... can readily dispute a prisoner's assertions that he delivered the paper

on a different date."  *Houston v. Lack, supra*, 487 U.S. 275.  Thus, the Court concluded that the

creation of a bright-line prison mailbox rule would facilitate certainty in this context and that

"reference to prison mail logs will generally be a straightforward inquiry" that resolves the

question. *Id.* In reliance upon this rationale, courts in this Circuit have often looked to the

presence or absence of prison mail logs in determining the filing dates of prisoners' *pro se*

pleadings. *See Stoot v. Cain*, 570 F.3d 669, 672 (5th Cir. 2009) (recognizing that "reference to

prison mail logs usually answers the question of when the petition was actually mailed"). In

undertaking such review, the absence of credible or determinative mail logs, or the failure of

prison officials to produce same, has often been seen to militate in a prisoner's favor and to

warrant a presumption that the date the prisoner apparently signed his pleadings was the date he

submitted same to prison officials. *See, e.g., Rodriguez v. Bentley*, 2013 WL 1187154, *3 (N. D.

Tex. Feb. 4, 2013), *Magistrate's Recommendation adopted*, 2013 WL 1189223 (N. D. Tex.

March 22, 2013) (rejecting an assertion of untimeliness on motion for summary judgment where

the state had not "provided any evidence, such as a prison mail log, to meet their burden");

*Phillips v. Cain*, 2012 WL 2564926, *2 (E.D. La. April 11, 2012) *Magistrate's Recommendation

adopted*, 2005 WL 1630030 (N. D. Tex. July 2, 2012) (rejecting a claim of untimeliness where

there was no supporting evidence and noting that "[i]f the state had produced a prison mail log or

equivalent evidence ... that would be conclusive evidence that the application was untimely"). In

contrast, the presence of credible mail logs, as in this case, has been noted to tip the balance in

favor of prison officials in appropriate instances. For example, in *Causey v. Cain*, *supra,* 2006

WL 4043781, *3-4 (E.D. La. Oct. 26, 2006), the Court relied upon LSP prison mail logs and the

affidavit of a mailroom employee, as in this case, to find that the inmate plaintiff's *pro se*

pleading was untimely, notwithstanding his attestation that he had dated it and submitted it to

prison officials for mailing on an earlier date. *See also Gray v. Dretke*, *supra,* 2005 WL

1133860, *3-4 (relying upon prison mail logs and other evidence to find the inmate's *pro se* pleading to be untimely-filed). *Cf., United States v. Hewitt*, 2011 WL 1587807, *1 (W.D. La. April 20, 2011) (relying upon prison mail logs to find a federal *pro se* inmate's pleadings to be untimely). In the present case, as in *Causey v. Cain, supra*, the Court finds that the evidence presented by the defendants in support of their pending motions for summary judgment is sufficient to negate the operation of the prison mailbox rule in this case, and to meet the defendants' burden of proof in showing that the plaintiff's Complaint was not timely-filed in this case. Accordingly, the Court concludes, in contrast to its original Recommendation, that the plaintiff's motion for summary judgment (R. Doc. 30) should be denied and that the motions for summary judgment of defendants Burl Cain and John Sanders (R. Docs. 23 and 29) should be granted, dismissing the plaintiff's Complaint, with prejudice, as time-barred.

## SUPPLEMENTAL RECOMMENDATION

It is recommended that the Magistrate Judge's Report dated July 6, 2015 (R. Doc. 33), be amended to reflect that it is the Recommendation of the undersigned that defendant Kevin Curley be dismissed without prejudice for failure of the plaintiff to timely serve this defendant as mandated by Fed. R. Civ. P. 4(m), that, the plaintiff's motion for summary judgment (R. Doc. 30) be denied, and that the motions for summary judgment of defendants Burl Cain and John Sanders (R. Docs. 23 and 29) be granted, dismissing the plaintiff's Complaint as untimely.

Signed in Baton Rouge, Louisiana, on August 27, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**